*J. L. Mayson, W. D. Ellis Jr.,* contra.

---

2707. SHEALEY & BROTHER *v.* MELTON.

There being no exception to the rulings or the charge of the court, and there being evidence sufficient to authorize the verdict, there was no error in refusing a new trial.

DECIDED JANUARY 24, 1911.

Distraint; from city court of Oglethorpe—Judge Crisp presiding. May 3, 1910.

*Jere M. Moore, L. J. Blalock,* for plaintiffs in error.

*Leon C. Greer, Jule Felton,* contra.

RUSSELL, J. Melton sued out a distress warrant to recover the market value of fourteen bales of cotton alleged to be due him as rent for a certain plantation in Macon county, being seven bales for each of the years 1907 and 1908. It appears that in the fall of 1905 Melton made a contract with Shealey & Brother to rent them a certain tract of land, described in the contract, for seven bales of cotton, to be paid as rent for each of the years, 1906, 1907, and 1908. In the fall of 1906 Melton's wife, Mrs. S. J. Melton, gained a verdict by which Melton's title to a portion of the premises which had been leased by him to the Shealeys was canceled. The contract of rental, mentioned above, provided that upon notice to the opposite party, Shealey & Brother might revoke the contract and call for the return of the notes for the unexpired years. In accordance with these provisions of the contract, Shealey & Brother, after

having paid the note for 1906, attempted to revoke the contract; and the contract and the remaining notes appear to have been delivered up to them by Quinney Melton, a son of the landlord and payee of the notes. For some portion of the time covered by the lease, Melton himself appears to have been in the State of Florida, and the defendants claimed that his son, Quinney Melton, was his agent, fully authorized in all respects to act in his stead as to any matter affecting the contract. The testimony of the defendants upon this point was that Melton himself personally informed them to this effect, and that thereafter their notice to Quinney Melton was not only equivalent to notice to Melton himself, but that Quinney Melton suggested to them that inasmuch as his mother had recovered a part of the land which had been rented by his father, the contract would have to be canceled, and thereupon, having been returned their notes and the contract, they rerented some of the land from Mrs. Melton and some from Quinney Melton, as agent for his·father. Melton denied that his son Quinney Melton was his agent, or that he ever so informed the defendants. The defendants introduced testimony tending to show that even if the action of Quinney Melton was unauthorized, it had been ratified by the plaintiff; and this was denied. The jury returned a verdict in favor of the plaintiff. The motion for new trial is based upon the general grounds only, there being no complaint that the judge erred in any ruling made by him during the course of the trial or in his charge to the jury. After a careful examination of the record it is quite apparent, as stated by the learned trial judge in his order overruling the motion for new trial, that only issues of fact are involved, and that the evidence in favor of the plaintiff on each of these issues is sufficient to warrant the finding of the jury. The defendants, having taken possession of the land as Melton's tenants, could not deny his title, and under the terms of the contract of rental they could not revoke or annul the contract without notice to him. This notice could have been given to an agent of Melton, had one been authorized to receive it. The jury found, in conformity with Melton's testimony, that Quinney Melton was not his agent, and he denied that he ever received any notice or ratified the act of Quinney Melton. The prerogative of the jury to prefer this testimony to that in behalf of the defendants, even though the defendants' testimony would have required a finding in their favor, can

not be questioned. The trial being free from error and the result approved by the trial judge, the verdict will not be disturbed.

*Judgment affirmed.*